**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SICK, INC.,

Plaintiff,

v.

MOTION CONTROL CORP. and COMMERCE INDUSTRIAL CONTROLS, INC.,

Defendants.

Civil No. 01-1496 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER**

---

Steven H. Silton, V. John Ella, and Aaron F. Biber, MANSFIELD, TANICK & COHEN, P.A., 1560 International Centre, 900 Second Avenue South, Minneapolis, MN, 55402-3383, for plaintiff SICK, Inc.

Douglas L. Elsass, FRUTH, JAMISON & ELSASS, P.A., 4705 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for defendant Commerce Industrial Controls, Inc.

Plaintiff SICK, Inc. ("SICK") brings this action against defendants Motion Control Corporation ("MCC") and Commerce Industrial Controls, Inc. ("CIC") based upon a Distributor Agreement between SICK and MCC. SICK pleads five claims against MCC and one claim, tortious interference with contract, against CIC. This matter is before the Court on two motions of CIC: the first is to vacate the entry of default against it and the second is to dismiss plaintiff's claim against CIC pursuant to Federal Rule of Civil

FILED APR
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Procedure 12(b)(6). For the reasons stated below, the Court grants both motions. The Court also grants plaintiff leave to amend its complaint.

## BACKGROUND

SICK, a Minnesota corporation engaged in the business of manufacturing photoelectric sensors, safety controls and bar code systems, and MCC, a Michigan corporation engaged in the distribution of automobile parts and products, entered into a Distributor Agreement ("Agreement" or "Distributor Agreement") on October 5, 1998. The Agreement provided that MCC would be the exclusive distributor for SICK products in the state of Michigan. The Agreement also prohibited MCC from selling or servicing products of SICK's competitors. Agreement § 6 (providing that MCC, as a distributor for SICK, shall "not sell or service any type of competitive products to SICK").

In its complaint, SICK alleges that sometime after the execution of the Agreement, the principal owners of MCC participated and assisted in the formation and incorporation of CIC. SICK also alleges that CIC and MCC maintained the same principal place of business. SICK alleges that MCC, both directly and indirectly through CIC, sold products "competitive to SIC" in breach of the Agreement.

SICK commenced this action against both MCC and CIC on August 16, 2001. SICK pleads five claims against MCC, all based on its allegation that MCC breached the Distributor Agreement by selling and distributing products competitive to SICK, including: 1) breach of contract; 2) breach of fiduciary duty; 3) unjust enrichment;

4) breach of the covenant of good faith and fair dealing; and 5) declaratory judgment as to the terms of the Agreement. The only claim directly asserted against CIC is Count III for tortious interference with contractual relations.

CIC was served with the Summons and Complaint on August 21, 2001. On September 10, 2001, within twenty days of service, CIC served SICK's counsel with a notice of motion and motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. This motion was enclosed in a letter to SICK and was not accompanied by any supporting documents such as a memorandum of law or supporting affidavits. In the days that followed, counsel for SICK and CIC exchanged communications and correspondence, and a dispute arose regarding the sufficiency of CIC's motion. Based on its view that CIC had not complied with the procedural rules and hence, was in default, SICK moved for entry of a default judgment against CIC. SICK served CIC with a Notice of Motion and Motion for Default Judgment on September 14, 2001. On September 17, 2001, CIC filed with the Court a copy of its September 10 letter to SICK serving CIC's motion to dismiss. That same day, and unbeknownst to CIC, the clerk entered default against CIC. On September 19, 2001, the same day CIC learned of the entry of default, CIC filed its Notice of Motion and Motion to Strike the Clerk's Entry of Default. Subsequently, CIC filed a proposed order granting the Motion to Strike the Clerk's entry of default and a supporting memorandum of law.

# ANALYSIS

## I. Motion to Vacate Entry of Default

### A. Standard of Review

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). This good cause standard is generally viewed as more lenient than the standard for relief from default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("most decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order") (quoting *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990)). The determination regarding whether to set aside an entry of default is within the court's sound discretion. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997). There is a judicial preference, however, for adjudication on the merits, and in a close case, a court should vacate the entry of default. Johnson, 140 F.3d at 784.

### B. Analysis

In determining whether to grant a motion to vacate, a court considers a variety of factors. Specifically, a court looks at the culpability or blameworthiness of the defaulting party, the danger of prejudice to the moving party if the default were set aside, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995). In addition, the Eighth Circuit has

expressed the view that the existence of a meritorious defense is a relevant factor. *Johnson*, 140 F.3d at 784.

Whether the conduct of the moving party is excusable is an equitable determination that considers all germane circumstances surrounding the party's omission. *Id.* (quoting *Pioneer*, 507 U.S. at 395). Conduct that has been held excusable includes "late filings caused by inadvertence, mistake or carelessness." *Pioneer*, 507 U.S. at 395. A court will rarely excuse an intentional delay or disregard for deadlines and procedural rules. *Johnson*, 140 F.3d at 784. Where the failures are marginal and both a meritorious defense and an absence of prejudice exist, the Eighth Circuit has granted relief under Rule 55(c). *In re Jones Truck Lines*, 63 F.3d at 687-88; *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).

Prejudice to the plaintiff must be concrete, such as loss of evidence, increased difficulty in discovery, or greater opportunities for fraud or collusion. *Johnson*, 140 F.3d at 785 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Moreover, neither delay alone nor the fact that the defendant will have an opportunity to defend on the merits are the kind of prejudice which justify denial of a motion to vacate an entry of default. *Swink v. City of Pagedale*, 810 F.2d 791, 792-93 & n.2 (8th Cir. 1987).

In this case, it appears that CIC's service of its notice of motion to dismiss did not comply with the federal rules of civil procedure as modified by Local Rule 7.1(b)(2)(A). Although, Rule 12(a)(4) only requires "service of a motion," that rule is supplemented by Local Rule 7.1(b)(2)(A) which requires that a notice of motion and motion be accompanied by supporting memoranda and affidavits. L.R. 7.1(b)(2)(A) ("The moving

party shall deliver one copy of the following documents to opposing counsel: 1. Motion; 2. Memorandum of Law; 3. Affidavits and Exhibits; and 4. Proposed Order"). The same local rule also requires the filing of the cover letter with the Court. *Id.*

Nonetheless, the Court finds that the factors discussed above to determine a motion to vacate an entry of default weigh in CIC's favor; thus, the Court grants the motion. First, CIC acted in good faith in its brief delay. Its actions were not contumacious, it did not exhibit a blatant or intentional disregard for deadlines and procedures, and the delay was short. Indeed, the impetus for the motion for entry of default was a dispute regarding proper service of the motion to dismiss. SICK contends that the local rules required CIC to serve SICK with supporting memoranda and affidavits with its motion to dismiss. On the other hand, CIC asserts it did "plead or otherwise defend" as required by Rule 55 by serving plaintiff with its motion to dismiss. Fed. R. Civ. P. 55(a). Furthermore, CIC did not file its motion to dismiss letter based upon its interpretation of Local Rule 7.1(b)(2) that dispositive motions should not be filed until all briefing was complete. D. Minn. R. 7.1(b)(2). When it realized that the local rules may require the letter to be filed, it promptly filed the letter. Thus, the lack of blameworthiness of CIC points toward striking the entry of default.

The Court also finds that any danger of prejudice to SICK is minimal. SICK contends that CIC's failure to timely serve an answer has caused it unnecessary delay and expense. As noted above, however, these impairments are not sufficient to find the requisite prejudice. *Swink,* 810 F.2d at 792-93 & n.2. Moreover, CIC served SICK with a letter stating it was moving for dismissal based upon Rule 12. SICK then was on notice

that CIC intended to respond to its complaint, regardless of the alleged deficiency of such service.

Furthermore, the length of the delay was negligible. CIC sent SICK a letter, within 20 days of service of the complaint, setting forth its motion to dismiss. After learning that SICK had moved for default, CIC immediately filed a copy of the letter with the Court. Indeed, the letter was filed within hours of the entry of default. In addition, CIC filed a motion to strike the entry of default the same day it learned of the entry of default. *Johnson,* 140 F.3d at 784 ("[I]t is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits."). CIC also quickly prepared its supporting memorandum and other papers to its motion to dismiss on September 26, 2001. Thus, the short length of the delay is the type of marginal failure the Eighth Circuit routinely excuses.

Accordingly, based on the foregoing factors and the preference for adjudication on the merits, the Court grants the defendant's motion to strike the clerk's entry of default.

## II. Motion to Dismiss

### A. Standard of Review

CIC also moves for dismissal pursuant to Rule 12(b)(6) on the basis that the complaint fails to state a claim upon which relief may be granted. When analyzing a motion to dismiss, the Court must liberally construe the complaint in the light most favorable to the plaintiff and presume all facts alleged in the complaint to be true.

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). The Court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schmedding*, 187 F.3d at 864 (dismissal under Rule 12(b)(6) should be granted only when "a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief"). The Court will not inquire into the likelihood of plaintiff prevailing on the claim. *Doe v. Norwest Bank*, 909 F. Supp. 668, 670 (D. Minn. 1995).

**B. Analysis**

In Count III of its Complaint, SICK has pled a single claim against CIC for tortious interference with contract. To prevail on a claim of tortious interference with contract, a plaintiff must establish five elements: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the intentional procurement of a breach of the contract; (4) without justification; and (5) damages. *Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994). The contract that SICK alleges was breached is the Distributor Agreement between SICK and MCC. However, in its complaint, SICK has failed to allege that CIC intentionally procured or induced MCC to breach the Agreement with SICK, a required element of the claim. Rather, SICK claims that CIC participated in the sale of products competitive to SICK and that CIC "intentionally, willfully and with malice enticed and induced clients of SICK to leave SICK." Complaint ¶¶ 26, 29. These allegations do not allege that CIC somehow induced or caused MCC to breach the

Distribution Agreement. Accordingly, dismissal of Count III of the complaint is warranted.

## III. Motion for Leave to Amend

In anticipation of the possibility that the Court might find that SICK's tortious interference with contract claim is not actionable as pled, SICK seeks leave, in the alternative, to amend its complaint. Specifically, SICK requests leave to assert additional claims against CIC, including breach of contract and breach of fiduciary duty.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the Court takes no position at this time as to the merits of the additional claims SICK seeks to make against CIC, the Court will grant SICK leave to amend its complaint.

## ORDER

Based upon the foregoing, the submissions of the parties, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Motion by defendant Commerce Industrial Controls, Inc., to strike Clerk's Entry of Default [Docket No. 28] is **GRANTED**.

2. The Clerk of Court shall **VACATE** the entry of default judgment against Commerce Industrial Controls, Inc. [Docket No. 25].

3. Motion by plaintiff for default judgment against Commerce Industrial Controls, Inc. [Docket No. 21] is **DENIED as moot**.

4. Motion by defendant Commerce Industrial Controls, Inc. to dismiss [Docket No. 26] is **GRANTED**. Count III of the complaint [Docket No. 1] is thereby **DISMISSED with prejudice.**

3. Plaintiff's request to amend the complaint is **GRANTED**. Plaintiff shall have **20 days** from the date of this Order to file an amended complaint with respect to allegations against Commerce Industrial Controls, Inc. only.

DATED: April 30, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge