UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SICK, Inc.,
a Minnesota corporation,

Plaintiff,

v.

Motion Control Corporation and
Commerce Industrial Controls, Inc.,

Defendants.

Court File No.: 01-CV-1496 JRT/FLN

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS, the parties to the above-captioned action anticipate that some of the information produced in discovery may contain or constitute confidential information, and the parties wish to expedite and facilitate the production of such information;

NOW THEREFORE, it is hereby stipulated and agreed among the parties as follows:

1. As used herein, "CONFIDENTIAL INFORMATION" means all documents and all other information which has been designated by any party as either "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" according to the procedures set forth below. In the case of documents, including discovery responses, such designation shall be made by stamping the designation on the document, in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential, and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information confidential.

2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. All Confidential Information shall be used solely for purposes of this litigation and not for any other purpose whatsoever.

3. Documents marked "CONFIDENTIAL" may be used by, copied by, exhibited to or disclosed to only the following persons or entities:

(a) The parties and/or their employees;

(b) Attorneys for the parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation or trial of this case;

(c) Court reporters used in connection with this action at deposition and/or trial;

(d) The Court and its staff; and

(e) Testifying or consulting experts who are not otherwise employed by the parties or any entities related to the parties, and employees of such testifying or consulting experts.

4. Documents marked "RESTRICTED CONFIDENTIAL" may only be used by, copied by, exhibited to or disclosed to the individuals listed in Paragraphs b., c., d., and e. above. The parties agree that documents shall only be marked "RESTRICTED CONFIDENTIAL" if the documents are such that their disclosure to any employees of the opposing party may cause irreparable injury, or that the documents contain identification of customers, pricing information, cost information, product specifications and formulas that are not publicly available, or other information that would satisfy the definition of Minn. Stat. § 325C.01, subd. 5. Documents that have been previously produced by the parties bearing the designation "CONFIDENTIAL FOR ATTORNEYS EYES ONLY" shall be automatically designated as "RESTRICTED

CONFIDENTIAL" for purposes of this Stipulation. If such documents are reproduced for use in this action, the producing party shall following the terms of this Stipulation in disclosing the documents and/or filing them with the Court.

5. Nothing in this Stipulation shall restrict a party's right to seek a protective order from the Court.

6. No person, other than those listed in paragraph 2a., b., c., and d., may be shown or given access to Confidential Information unless and until s/he indicates in writing by signing a copy of the attached Exhibit A that s/he has read, understood, and will abide by the terms of this Protective Order.

7. All depositions or portions thereof taken in this matter may be designated pursuant to one of the categories of confidentiality as set forth above. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified under this Protective Order. Confidentiality designations for depositions shall be made either on the record or by the written notice to the other party within ten (10) business days of receipt of the transcript. Depositions shall be treated as "CONFIDENTIAL" during the ten-day period following receipt of the transcript.

8. The deposition of any witness (or any segment thereof) which discusses or discloses documents marked "RESTRICTED CONFIDENTIAL"will be taken only in the presence of attorneys for the parties, the Court or stenographic reporter, and persons who are qualified to have access to Confidential Information in accordance with this Protective Order.

9. Any party herein may request a change in the designation of any information designated as "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL." If a party to whom

such information is produced (the "Receiving Party"), believes in good faith that any information is improperly designated pursuant to the categories set forth above, the Receiving Party may, within ten (10) business days after receiving such information, notify the Designating Party of all information which is believed to be improperly designated. Within ten (10) business days of receipt of such notice, the parties shall confer and attempt to resolve all disputes as to document designation. Within fifteen (15) business days of receipt of such notice, the Designating Party shall, by motion or otherwise, apply to the Court to determine whether the information is properly designated and shall submit a letter brief explaining the grounds for the designation. Within seven (7) business days thereafter, the Receiving Party shall have the right to respond with a letter brief addressing the disputed designations. The matter may be resolved by hearing, or, if the Court is available, by telephone conference. The Designating Party shall bear the burden of demonstrating that the information is properly designated pursuant to this Protective Order. The documents and information shall be deemed confidential during the period that the designation is disputed.

10. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Court Administrator that contain any Confidential Information shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court Administrator in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by Court personnel, nor are the contents thereof to be disclosed except by Order of the Court.

11. This Protective Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of confidential material.

12. Information designated as confidential by the parties pursuant to one of the categories set forth above shall remain subject to the terms of this Protective Order unless and until the parties agree to the deletion of the designation or upon order of the Court.

13. Within a reasonable time after the final disposition of this action, all information covered by this Protective Order shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated confidential is so destroyed, the party destroying the information shall certify to the other party that all confidential information of the other in its possession, care, custody, or control has been destroyed.

14. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by providing all other parties with a written description of such documents or information within ten (10) days of production (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the ten (10) day designation period, and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

15. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or from seeking a ruling from the Court at any time that any such documents,

testimony, or other materials or information need not be treated as confidential. In addition, information designated as "confidential" pursuant to this Protective Order shall not be construed by either party to constitute proprietary or trade secret information for any other purpose.

Dated: May 31, 2002

LOMMEN, NELSON, COLE & STATEBERG, P.A.

BY ______________________
Barry O'Neil, I.D. No. 220875
Nancy JK Tibbs, I.D. No. 268872
Attorneys for Motion Control Corporation
1800 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
(612) 339-8131

Dated: 5-30, 2002

MANSFIELD, TANICK & COHEN, P.A.

BY ______________________
Steven H. Silton, I.D. No. 260769
Attorneys for SICK, Inc.
1700 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-3383
(612) 339-4295

Dated: 5-31, 2002

FRUTH, JAMISON & ELSASS, P.A.

BY ______________________
Douglas L. Elsass, I.D. No. 219241
Attorneys for Commerce Industrial Controls, Inc.
4705 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 344-9700

IT IS SO ORDERED.

Dated: June 6, 2002

U.S. DISTRICT COURT

Franklin L. Noel

The Honorable Franklin L. Noel
Magistrate Judge of District Court

EXHIBIT A

I will not divulge to persons other than those specifically authorized by the above Protective Order, and will not copy or use, except solely for the purposes of this litigation and pursuant to the terms of the Protective Order, any documents or information, or copies thereof, designated "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL" or "ATTORNEY EYES ONLY" obtained pursuant to the above Protective Order. No later than thirty days after final termination of this legal action, I will return to trial counsel all documents or copies thereof containing confidential information, including; all copies, excerpts, summaries, and notes, which have come into my possession, custody or control and all documents which I have prepared relating thereto.

Dated: ___________________ ________________________________________

## Featured Speakers Include:

<u>District of Minnesota</u>

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

<u>United States Bankruptcy Court</u>
<u>District of Minnesota</u>

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

**The Minnesota Chapter of the Federal Bar Association**

c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office);*** **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

| | |
|---|---|
| ☐ Member | $195.00 |
| ☐ Non-Member | $225.00 |

Name ____________________

Firm/Employer ____________________

Address ____________________

____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on 'Join the FBA.'*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolling, U.S. Department of Justice

Maureen Watz Gomik, Warren E. Burger Federal Building