**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

SICK, INC., a Minnesota corporation,

Plaintiff,

v.

MOTION CONTROL CORP., a Michigan corporation, and COMMERCE INDUSTRIAL CONTROLS, INC., a Michigan corporation,

Defendants.

Civil No. 01-1496 (JRT/FLN)

**ORDER**

---

Aaron F. Biber, Steven H. Silton, and Vincent J. Ella, MANSFIELD, TANICK & COHEN, P.A., 1700 Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, for plaintiff.

Barry A. O'Neil, LOMMEN, NELSON, COLE, & STAGEBERG, P.A., 1800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, and Harry Kennedy, KENNEDY LAW OFFICE, 12613 Flint Street, Overland Park, KS 66213, for defendant Motion Control Corporation.

Douglas L. Elsass, FRUTH, JAMISON & ELSASS, P.A., 3902 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant Commerce Industrial Controls, Inc.

Plaintiff SICK has sued defendants Motion Control Corp. ("MCC") and Commerce Industrial Controls ("CIC") for breach of contract and other claims stemming

FILED MAR 31 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

from a distributor agreement (the "Agreement") between SICK and MCC. MCC has counterclaimed against SICK, also alleging breach of contract and other claims. The Court now considers the following motions: (1) SICK's motion for summary judgment on MCC's counterclaims; (2) CIC's motion for summary judgment and to dismiss; and (3) MCC's motion for summary judgment.

The Court has reviewed the parties' briefs and arguments, and now issues this short order. A memorandum explaining the Court's reasoning in detail will follow.

## I. SICK's Motion for Summary Judgment

SICK seeks summary judgment on all the counterclaims filed by MCC. The Court determines that MCC has not demonstrated a genuine issue of material fact on any of the issues of res judicata, election of remedies, lost profits, economic loss, or promissory estoppel. As to the issue concerning MCC's claims for SICK's direct sales in Michigan, the Court finds that Arbitrator Richard Solum clearly rendered a decision on the extent to which the Agreement regulates SICK's direct sales. (*See* O'Neill 6/17/02 Aff. Ex. 3 at 6.) The arbitrator stated that the

> Agreement and its express and implied terms, after the construction of any ambiguities around this issue, precludes SICK itself . . . from direct selling activities (including pricing activities) **which would materially hinder MCC's ability to realize both parties' . . . intended expectations** relative to MCC's distributorship in Michigan.

(*Id.*) (emphasis added) (footnotes omitted).

Given this interpretation, the Court cannot agree with SICK's assertion that the Agreement does not prohibit direct sales. At the same time, however, MCC is incorrect in stating that a genuine issue of material fact remains as to the Agreement's meaning on direct sales. The arbitrator squarely and completely addressed this question, and the Court finds that his Decision and Award is therefore *res judicata*. Accordingly, the Court will grant SICK's motion for summary judgment, settling the question of direct sales as the arbitrator left it.

## II. CIC's Motion for Summary Judgment / To Dismiss

The Court finds that genuine issues of material fact exist as to SICK's deceptive trade practices and civil conspiracy claims, and on the question of whether SICK's claims are barred by collateral estoppel. Therefore, the Court denies CIC's motion for summary judgment.

The Court further finds that SICK has pleaded sufficient facts in its breach of contract and fiduciary duty claims against CIC to overcome the dismissal standard of Rule 12(b)(6). Therefore, the Court denies CIC's motion to dismiss these claims.

## III. MCC's Motion for Summary Judgment

The Court finds that genuine issues of material fact exist as to whether SICK's claims are barred by collateral estoppel, as MCC claims. Therefore, the Court denies MCC's motion for summary judgment.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff SICK's Motion for Summary Judgment on MCC's Counterclaims [Docket No. 87] is **GRANTED**.

2. Defendant Commerce Industrial Control's Motion for Summary Judgment and to Dismiss [Docket No. 95] is **DENIED**.

3. Defendant Motion Control Corporation's Motion for Summary Judgment [Docket No. 102] is **DENIED**.

DATED: March 31, 2003
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge