**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

SICK, Inc.,

Plaintiff,

v.

Motion Control Corporation and
Commerce Industrial Controls, Inc.,

Defendants.

Court File No.: 01-1496 JRT/FLN

---

Motion Control Corporation and
Commerce Industrial Controls, Inc.,

Plaintiffs,

v.

SICK, Inc.,

Defendant.

---

**PLAINTIFF SICK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RENEW MOTION TO DISMISS AND MOTION TO STAY DISCOVERY**

**ORAL ARGUMENT WAIVED**

---

## INTRODUCTION

By Order dated May 6, 2004, Hennepin County District Court Judge Mary DuFresne Steenson denied Motion Control Corporation's ("MCC") Motion to Vacate the April 1, 2002 Arbitration Award rendered by Richard Solum ("Arbitration Award"). In light of this ruling, a portion of the now consolidated action between MCC against SICK, Inc. ("SICK") (previously referred to as the "03" or "enforcement" action) is ripe for adjudication under Federal Rule of

Civil Procedure 12. Accordingly, SICK moves this Court for an order dismissing MCC's claims in the consolidated action.

**STATEMENT OF FACTS**

Due to this Court's extensive prior involvement in this litigation, SICK will not restate any of the prior facts related to this motion. Plaintiff incorporates the pleadings and motions related to its previously briefed and argued Motion to Dismiss and Motion to Stay Discovery. For convenience, *see* Defendant's Memorandum of Law in Support of Motion to Dismiss dated October 1, 2003 attached hereto as *Exhibit A.*

By previous motion submitted and argued on March 5, 2004, SICK moved this Court for, among other relief, to dismiss the "03" matter under Federal Rule of Civil Procedure 12. The basis of SICK's motion was, *inter alia*, the res judicata affect of the Arbitration Award, which was remanded by the Eighth Circuit Court of Appeals for review by the Hennepin County District Court. In light of the ongoing review of the Arbitration Award in the remanded state court action, this Court although acknowledging that SICK was likely entitled to the relief sought on its Motion to Dismiss, did not grant the relief at that time.

MCC's action seeking to vacate the Arbitration Award, was resolved by order of the Hennepin County District Court, Judge Mary Steenson dated May 6, 2004. *See Affidavit of Shawn L. Pearson ("Pearson Affidavit")*, ¶ 2 and *Exhibit 1.* In her order, Judge Steenson denied MCC's Motion to Vacate, confirmed the Arbitration Award, and explicitly and effectively ended

that litigation.[1] For all the reasons set forth in SICK's original Memorandum of Law and supporting affidavits, which SICK for the sake of brevity incorporates by reference, and for the additional reason set forth below, SICK is entitled to a Motion to Dismiss and/or its Motion to Stay Discovery. In the interest of judicial economy, SICK submits the issues for full adjudication on the merits on the papers, and waives oral argument.

## ARGUMENT

### I. MCC'S CLAIMS AGAINST SICK ARE SUBJECT TO DISMISSAL IN LIGHT OF JUDGE STEENSON'S ORDER.

This Court in its March 5, 2004 Order indicated that in denying SICK's Motion to Dismiss, it would revisit the same upon clarification of the issues in front of state court. As the issue of the potential vacation of the Arbitration Award has been resolved (for a second time) firmly in favor of SICK, the issue of the dismissal of MCC's claims (which prior to

---

[1] At the conclusion of her Order, Judge Steenson imparted some wisdom on the parties concerning the need to put this matter to rest once and for all:

> The court is cognizant of the fact that a tremendous amount of ink has been spilled and money spent on attorney fees for this protracted, and seemingly never ending, litigation. With this decision, it is the court's expectation that the parties can put the litigation aside and move forward with their respective businesses.

*Pearson Affidavit*, *Exhibit 1*, p. 19. This Court, in its June 19, 2003 Order issued in the "01" matter, similarly noted that:

> The Court observes that its resolution of these complicated issues is likely to leave all parties somewhat unsatisfied. This is not unusual in civil litigation. But given the protracted history of this litigation and the great expense in time and funds spent by all parties, the Court questions whether it is in the interest of any party to continue down the road to trial. Therefore, without expressing any opinion on how the remaining issues in this case would be resolved in a trial, the Court urges the parties to make further efforts to resolve their differences without resorting to additional litigation.

*See SICK, Inc. v. Motion Control Corp*., 2003 WL 21448864, *14 (D. Minn. 2003) (J. Tunheim). In light of the clear directives of two courts, SICK has made one more additional attempt to resolve this matter, making a "cost of defense" offer of $80,000.00 on May 18, 2003. *See* E-mail of Alberto Bertomeu dated May 18, 2004, *Pearson Affidavit* ¶ 6 and *Exhibit 5*. MCC has rejected that offer.

consolidation were referred to as the "Enforcement Action" or "03" matter) are now ripe for adjudication.

This Court, in denying SICK's Motion to Dismiss made the following observation:

> As to SICK's motion to dismiss and the motion for sanctions, this has to do with the claims raised by MCC in the 03 action. The Court will deny these motions. Probably the denial of this Rule 12 motion is made ***more out of an abundance of caution than any other.*** I do think there are some issues here which likely will have to be sorted through at a later time, and ***I think that aspects of this motion likely are grantable at the appropriate time***. I think the fact that we are now consolidating '01 and '03 will give the Court a better ability to sort through these issues at a time that it may be necessary to do so.

*Pearson Affidavit*, *Exhibit 2* (Transcript, March 5, 2004 at 56:8-19) (emphasis added).

In light of Judge Steenson's ruling denying MCC's Motion to Vacate and confirming the Arbtitration Award,[2] this Motion is ripe for adjudication. This Motion has been fully briefed and argued. For all of the reasons set forth in SICK's original Motion to Dismiss, MCC's duplicative "03" should be dismissed.[3]

## II. A BRIEF STAY OF DISCOVERY IS WARRANTED IN LIGHT OF PLAINTIFF'S MOTION TO DISMISS.

In conjunction with its Motion to Dismiss, SICK also moves this Court to stay discovery in these consolidated matters pursuant to Federal Rule of Civil Procedure 26(c). The parties on April 13, 2004 convened for a scheduling conference before Magistrate Judge Franklin Noel, which resulted in a scheduling order dated April 22, 2004. *Pearson Affidavit*, ¶ 4 and *Exhibit 3*

[2] Now that the Arbitration Award is confirmed, MCC is entitled, if it sincerely believes that SICK has violated that Order, to enforce the same. Pursuant to Minn. Stat. § 572.25, MCC's sole remedy is enforcement of the Arbitration Award in Hennepin County District Court; a venue that MCC fought all the way to Eighth Circuit Court of Appeals to acquire. *See* Minn. Stat. § 572.25 ("All subsequent applications shall be **made to the court hearing the initial application** unless the court otherwise directs") (emphasis added). *See also Bilotta & Associates v. E.D.S. Construction,* 1989 Minn. App. LEXUS 525 (Minn. Ct. App. 1989) (holding that "viewing the claim as one for enforcement of the arbitration award, summary judgment was proper"). It is utterly inconsistent with MCC's dogged refusal to acknowledge this Court's jurisdiction over the Arbitration Award, to now proceed with claims related to the alleged violation of that award. It is doubtful, however, that MCC sincerely believes that SICK has violated the Arbitration Award, in light of its continued attempt to vacate the same.

[3] SICK's request is not merely symbolic. MCC has indicated a desire to take extensive, expensive, and intrusive discovery, including deposing a number of SICK's executive employees.

(Pretrial Schedule). That order sets forth a deadline for completion of discovery by August 1, 2004, and permits the parties to submit no more than 10 interrogatories and conduct no more than 5 depositions. Judging by its March 30, 2004 Rule 26(f) report, in which MCC requested a total of 50 interrogatories, 50 requests for production of documents, 10 depositions, 25 requests for admissions and 3 expert witnesses, SICK can safely presume that MCC intends to utilize its full complement of these discovery demands. *Pearson Affidavit*, ¶ 5 and *Exhibit 4* (Rule 26(f) Report). In addition, this Court stayed discovery until June 1, 2004 to allow the state court to make its ruling, and permit SICK to make its current request. For the reasons set forth below, a brief stay of discovery is appropriate.

Federal Rule of Civil Procedure 26(c) permits a party from whom discovery is sought to move for a protective order to limit the scope of discovery. Rule 26(c) states, in relevant part, "the court …may make any order which justice requires to protect a party or person from …undue burden or expense." *See* Fed. R. Civ. P. 26(c). A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *May Coating Technologies, Inc. v. Illinois Tool Works*, 157 F.R.D. 55, 57 (D. Minn. 1994); *Dove v. Atlantic Capital Corp*., 963 F.2d 15, 16 (2d Cir. 1992) (grant and nature of protection is singularly within district court's discretion); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*, 28 F.3d 1388, 1394 (5th Cir. 1994) (court may exercise its sound discretion to restrict what materials are obtainable).

In determining whether to issue a protective order, the Court must balance the interests of the parties. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *Arenson v. Whitehall Convalescent & Nursing Home, Inc*., 161 F.R.D. 355, 358 (N.D. Ill. 1995); *Circuit Brown v. City of Oneonta*, 160 F.R.D. 18, 21 (N.D.N.Y. 1995); *Cockrum v. Johnson*, 917

F. Supp. 479, 482 (E.D. Tex. 1996); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

As argued by SICK on this motion, Judge Steenson's May 6 2004 Order has mooted MCC's claims in the "03" matter, warranting its dismissal. At the very least, some uncertainty surrounds a dispositive question of law. As stated by this Court in its March 5, 2004 ruling: "if assuming hypothetically the state court adopts the same approach as this Court, then what is now not res judicata may be res judicata again." (Transcript, p. 55). Given the unresolved status of the "03," common sense, equity and simple economics warrant a **brief** stay of discovery, just so long as it takes the Court to render a dispositive ruling. Accordingly, SICK respectfully requests a stay of discovery than the sooner of 60 days or such time as this Court makes a final ruling on SICK's Motion to Dismiss.

MCC's discovery requests should be viewed in context. It is not as though MCC has no discovery already. SICK has expended much time and expense in engaging in extensive discovery in the original lawsuit brought by SICK against MCC in 1998 (previously referred to as the "01" or "original" action), and MCC has received the benefit of such documents and testimony. More importantly, in the event that this Court rules in SICK's favor on its Motion to Dismiss, discovery taken in the interim will have resulted in a needless waste of the time and money, as well as caused a needless distraction of the parties from their business disputes.

MCC's "scorched earth" tactics have injured SICK's ability to conduct business in its most important market. Now that MCC has exhausted its last, best hope for any redress from the Arbitration Award, its conduct will no doubt get even more desperate. It is likely, that despite the existence of protective orders, that MCC will utilize the discovery information to further damage SICK's position in the marketplace. MCC has little value left, and no financial incentive

to act irrationally. A stay is the only way to protect SICK, and to prevent MCC from improperly and illegally damaging SICK.

**CONCLUSION**

Judge Steenson's May 6, 2004 order has removed the uncertainty which clouded the issues and prevented a full-fledged ruling on the merits by this Court on SICK's previous Motion to Dismiss. The full adjudication of the state court's Motion to Vacate has removed the uncertainty, and the rationale for permitting MCC's duplicative litigation from proceeding forward. Accordingly, SICK is entitled to an order dismissing the "03" matter. Weighing the interests of the parties, and considering the unique procedural history of these proceedings, the dictates of economy and fairness warrant that discovery be stayed pending this Court's adjudication of this Motion to Dismiss.

Respectfully Submitted,

**MANSFIELD, TANICK & COHEN, P.A.**

Dated: May 20, 2004

By: s/ Shawn L. Pearson

Steven H. Silton (260769)
Charles A. Horowitz (294767)
Shawn L. Pearson (326069)
1700 Pillsbury Center South
220 South Sixth Street
Minneapolis MN 55402-4511
(612) 339-4295

**ATTORNEYS FOR SICK, INC.**

#345407.3