UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01-CV-1496 JRT/FLN

SICK, Inc.,
a Minnesota corporation,

Plaintiff,

v.

Motion Control Corporation and
Commerce Industrial Controls,

Defendants.

Motion Control Corporation,
a Michigan corporation,

Plaintiff,

v.

SICK, Inc.,
a Minnesota corporation

Defendant.

# RULE 26(f) REPORT

The counsel identified below participated in a telephone conference to address scheduling issues in this matter on **April 2, 2004** and prepared the following report.

A Case Management Conference in this matter is scheduled for **April 13, 2004 at 9:00 a.m.** before the United States Magistrate Judge Franklin L. Noel in Suite 9W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. The parties ***do not request*** that the pretrial be held by telephone.

EXHIBIT
tabbies
4

(a) **Description of Case**

The parties incorporate by reference the descriptions contained in the December 20, 2001 Rule 26(f) Report that was filed in the SICK, Inc. v. Motion Control Corporation and Commerce Industrial Controls matter. For purposes of the claims alleged by Motion Control Corporation against SICK, Inc. in the Complaint in the action formerly designated as Court File No. 03-CV-5192, the parties provide the following;

(1) Concise Factual Summary of Plaintiff's Claims;

Motion Control Corporation ("MCC") maintains that SICK, Inc. ("SICK") violated the terms of a 1998 Distributor Agreement on and after October 5, 2001 by, among other things, making direct sales to customers in Michigan, failing and refusing to assist MCC in the sale of SICK products, by distributing products in Michigan through other distributors and by undermining MCC's customer relationships and goodwill. MCC also maintains that SICK violated the covenant of good faith and fair dealing and frustrated MCC's ability to perform its obligations under the 1998 Distributor Agreement. As a result of SICK's actions, MCC has suffered damages due to its significant investment of money, time and resources in training and compensating its personnel and in promoting SICK's product lines and business in Michigan. MCC alternatively maintains that it has suffered lost profit damages.

(2) Concise and Factual Summary of Defendant's claims/defenses;

**TO BE COMPLETED**

(3) Statement of Jurisdiction (including statutory citations);

Diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1), MCC and SICK are corporations incorporated in different stats and the amount in controversy, exclusive of costs and interest, exceeds, $75,000.

(4) Summary of Factual Stipulations or Agreements;

None.

(5) Statement of whether jury trial has been timely demanded by any party.

MCC demanded a jury trial on its claims.

(b) **Pleadings**

(1) Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action;

MCC filed its Complaint on September 9, 2003. SICK moved to dismiss under Rule 12. SICK's Rule 12 motion was denied on March 5, 2004. SICK has not answered.

(2) Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard;

Date: May 1, 2004

**(c) Discovery Limitations**

(1) The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

| | | |
|---|---|---|
| (A) | 50 | interrogatories; |
| (B) | 50 | document requests; |
| (C) | 10 | factual depositions; |
| (D) | 25 | requests for admissions; |
| (E) | N/A | Rule 35 medical examinations; |
| (F) | N/A | other |

**(d) Discovery Schedule/Deadlines**

(1) The parties recommend that the Court establish the following discovery deadlines:

(A) September 1, 2004 deadline for completion of non-expert discovery, including services and response to interrogatories, document requests, requests for admission and scheduling of factual depositions;

(B) N/A deadline for completion of all Rule 35 medical examinations;

(C) ______________ other.

(e) **Experts**

The parties anticipate that they *will* require expert witnesses at the time of trial.

(1) MCC anticipates calling __3__ (number) experts in the fields of:

1. Accounting
2. Business valuation
3. Marketing

(2) SICK anticipates calling ______ (number) experts in the fields of:
**TO BE COMPLETED**

(3) The parties pursuant to Local Rule 26.3(a), recommend the disclosure and discovery option as follows: Expert depositions *will* allowed and the disclosure is set forth in paragraph 4 below.

(4) The parties recommend that the Court establish the following deadlines for disclosures of experts and experts' opinions consistent with Rule 26(a)(2) as modified by Local Rule 26.3:

(A) August 15, 2004 — Deadlines for all parties' identification of expert witnesses (initial) on the claims for which the party has the burden of proof. (Fed. R. Civ. P. 26(a)(2)(A).)

September 15, 2004 — Deadlines for all parties' identification of rebuttal expert witnesses.

(B) Deadlines for completion of disclosure or discovery of the substance of expert witness opinions.

August 15, 2004 — Deadlines for completion of disclosure or discovery of the substance of expert witness (initial) opinions

September 15, 2004 — Deadlines for completion of disclosure or discovery of the substance of expert witness (rebuttal) opinions.

(C) Deadlines for completion of expert witness depositions, if any.

November 1, 2004

(f) **Motion Schedule**

(1) The parties recommend that motions be filed and served on or before the following date:

(A) October 1, 2004 non-dispositive motions;

(B) October 1, 2004 dispositive motions.

(g) **Trial-Ready Date**

(1) The parties agree that the case will be ready for trial on or after December 1, 2004 ;

(2) A final pretrial conference should be held on or before November 1, 2004;

(3) Estimated trial time: 4 to 5 days.

(h) **Insurance Carriers/Indemnitors**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Not applicable

(i) **Settlement**

(1) MCC made a written settlement demand on March 11, 2004. SICK has not responded.

(2) The parties believe that a settlement conference is appropriate and should be scheduled by the Court before November 15, 2004.

(3) The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

**TO BE DISCUSSED**

(j) **Trial by Magistrate Judge**

(1) The parties *have not* agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

Dated:__________________ LOMMEN, NELSON, COLE & STAGEBERG, P.A.

BY____________________________

Barry A. O'Neil, I.D. No. 220875
Attorneys for Motion Control Corporation
1800 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131

Dated:__________________ MANSFIELD, TANICK & COHEN, P.A.

BY____________________________

Charles A. Horowitz, I.D. No. 0294767
Steven H. Silton, I.D. No. 260769
Attorneys for SICK, Inc.
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
(612) 339-4295

Dated:__________________ FRUTH, JAMISON & ELSASS, P.A.

BY____________________________

Douglas L. Elsass, I.D. No. 219241
Attorneys for Commerce Industrial Controls, Inc.
4705 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 344-9700